IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT L. COPELAND,                                                                              PLAINTIFF

v.                                        Case No. 3:06-cv-3017

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Robert Copeland, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed his applications for DIB on December 17, 2002, alleging an onset date of November 15, 2002. (Tr. 94-101, 172-178).[2] Plaintiff's impairments included a back injury, pain, fatigue and depression. Plaintiff's applications were denied initially and on reconsideration. (Tr. 66-78). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on May 13, 2004. (Tr. 21-65, 79-87). The Plaintiff was present and represented by counsel, Charles Mulvey, at the hearing. Also testifying was a vocational expert. (Tr. 21-65). After considering all

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

of the evidence of record, the ALJ rendered a decision on July 27, 2004, finding the Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (Tr.12-18).

The Appeals Council reviewed the ALJ's decision of July 27, 2004. (Tr. 5-11). After reviewing the record, including evidence submitted after the ALJ's decision, the Appeals Council adopted the ALJ's conclusion that Plaintiff was not entitled to DIB. (Tr. 4, 8-9, 273-290). However, the Appeals Council modified the ALJ's findings and rationale. The ALJ found that Plaintiff was insured for DIB through the date of the decision entered on July 27, 2004. (Tr. 9, 17). The Appeals Council noted that the record shows Plaintiff is fully insured. (Tr. 9). However, to be entitled to DIB, an individual must be both fully insured and have 20 Social Security credits during the 10-year period ending with the quarter in which he became disabled. The Appeals Council found Plaintiff only met this insured status requirement through September 30, 2003. (Tr. 9, 104, 159, 284).

The Appeals Council found that Plaintiff was the sole owner and operator of the Subchapter S Corporation, Copeland's Guide Service. (Tr. 11). Plaintiff's services generated income of $3,417 for 2002 and $10,694 for 2003. The Appeals Council determined that Plaintiff's earnings for 2003 established the ability to engage in substantial gainful activity. Based on Plaintiff's ability to engage in substantial gainful activity, the Appeals Council found that he was not entitled to DIB from November 15, 2002, his alleged date of disability onset, through September 30, 2003, the date he last met the disability insured status requirement. The Appeals Council's January 13, 2006, decision became the final decision of the Commissioner. (Tr. 5-11). The Plaintiff did not submit an Appeal brief. The Defendant has filed his Appeal Brief and this matter is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff did not to file an appeal brief.  Plaintiff was notified August 21, 2006 that his brief, if any, was due within 30 days of the filing of the transcript. (Doc. No. 6).  This would have made Plaintiff's brief due no later than September 18, 2006.  Without the benefit of an appeal brief from Plaintiff, it is difficult for the Court to determine the specific error Plaintiff alleges the ALJ made in his decision. However, as Defendant pointed out in their brief, there appears to be one issue for appeal.  That issue is whether Plaintiff has met his step one burden of demonstrating that he was prevented from engaging in substantial gainful activity prior to September 30, 2003, the date Plaintiff last satisfied the insured status requirement for DIB.

**A. Substantial Gainful Activity**

To be entitled to disability insurance benefits, an individual must be both fully insured and

have 20 quarters of coverage during the10 year period that ended with the quarter in which he became disabled or any later quarter in which he was disabled. *See* 20 C.F.R. § 404.130. The Appeals Council correctly found that Plaintiff only met his disability insured status requirement through September 30, 2003. (Tr. 9, 104, 159, 284).

The Social Security regulations require ALJs to follow a sequential procedure in analyzing disability claims. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity, and if he is, the claimant must be found not disabled regardless of his medical condition, age, education, or work experience. *See* 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is both substantial and gainful.  Substantial work activity is work that involves doing significant physical or mental activities.  Gainful work activity is work activity that one does for pay or profit, whether or not a profit is realized. *See* 20 C.F.R. § 404.1572.

Plaintiff was self-employed, as a fishing guide, since the date of his alleged disability on November 15, 2002.  Substantial gainful activity determinations for self-employed persons can be based on any one of three tests set out in the regulations. *See* 20 C.F.R. § 404.1575(a)(1-3).  A review of the ALJ's decision shows he applied the first test for determining whether or not Plaintiff engaged in substantial gainful activity. (Tr. 16-17).  Under this first test, a self-employed person is determined to be engaging in substantial gainful activity if the person renders services that are significant to the operation of the business, and the person receives a substantial income from the business. *See* 20 C.F.R. § 404.1575(a)(1).

If you operate a business by yourself, any service you render will be significant to the business. *See* 20 C.F.R.§ 404.1575(b).  Plaintiff was the sole owner and operator of the Subchapter S Corporation, Copeland's Guide Service. (Tr. 10-11, 17, 121-132).  Plaintiff testified that he had

5

been a self-employed fishing guide, which was a one-person operation, since August 1994. (Tr. 28-33, 37-38, 97, 172-174, 183). The activities of Plaintiff were therefore significant to the operation of the business.

A self-employed individual will have substantial income from a business if the countable income from the business averages more than $780 per month in 2002 and $800 per month in 2003. (Tr. 10). *See* SSR 83-34; 67 Fed. Reg. 65620 (Oct. 25, 2002); 66 Fed. Reg. 54047 (Oct. 25, 2001). After reviewing the Plaintiff's tax returns ( Tr. 110-158), the Appeals Council correctly found that Plaintiff's average monthly earnings for 2002 were $284.75. This was based on his reported self-employment income of $3,417. This is less than the substantial gainful activity monthly limit of $780 for 2002. (Tr. 10, 111-163). In 2003, Plaintiff's activities generated net income to his Subchapter S Corporation of $10,694 ($3,417 in self-employment income plus $7,277 in ordinary income). This resulted in monthly average earnings of $891.16. Because the substantial gainful activity limit for 2003 was $800 per month, the Appeals Council properly found that Plaintiff's operation of his fishing guide service constituted substantial income for year 2003.

I find substantial evidence supports the Commissioner's determination that Plaintiff engaged in substantial gainful activity as a self-employed person prior to September 30, 2003, and the Commissioner's final decision should be affirmed.

### 4. Conclusion:

The Court has reviewed all of the relevant records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the Commissioner. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be

entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this  **9th day of May, 2007.**

/s/  Barry A. Bryant  
HON.   BARRY   A. BRYANT  
U. S. MAGISTRATE JUDGE